DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**REKHA SHAH,**
Appellant,

v.

**TRANSDERMAL DELIVERY SOLUTIONS CORP., KENNETH KIRBY,**
and **LONG VU,**
Appellees.

No. 4D18-1088

[March 6, 2019]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 50-2016-CA-003446-XXXX-MB.

David L. Gorman of David L. Gorman, P.A., North Palm Beach, for appellant.

Jack J. Aiello and Devin S. Radkay of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for appellees.

PER CURIAM.

Plaintiff, Rekha Shah, appeals an order denying her motion for relief from a judgment of dismissal pursuant to Florida Rule of Civil Procedure 1.540(b). The court dismissed the case after plaintiff missed the court's deadline to file a demand for arbitration. Plaintiff contends the trial court erred because plaintiff's counsel missed the filing deadline due to excusable neglect. We agree.

In the underlying action, plaintiff and her late husband sought to rescind a stock sale pursuant to Chapter 517, Florida Statutes. Defendants responded with a demand for arbitration pursuant to the sales contract. Because mediation was a precondition to the right to arbitration, the parties agreed to attend mediation first. Accordingly, the court issued an order abating the trial proceedings pending mediation, noting that if mediation resulted in an impasse and the parties did not file for arbitration by August 1, 2017, "this case shall be dismissed for lack of prosecution."

The parties reached an impasse at mediation. When plaintiff did not file a demand for arbitration by the court's deadline, the case was dismissed.[1]

Nine days after the missed deadline, plaintiff moved for relief from the dismissal. Plaintiff's counsel contended he missed the deadline due to excusable neglect because of a misunderstanding between counsel and his legal assistant. In support of this motion, counsel submitted an affidavit from his legal assistant wherein the legal assistant explained that this was her first time handling an arbitration case with the American Arbitration Association ("AAA"). Based on a misreading of an AAA form, the legal assistant believed that the initial request for mediation she filed also served as a demand for arbitration. Therefore, when counsel asked her if she filed the demand for arbitration before the court deadline, she mistakenly informed counsel that she had. The legal assistant learned that a separate demand for arbitration was required and that plaintiff had missed the deadline when she contacted the AAA to obtain a list of potential arbitrators.

After a hearing, the court denied plaintiff's motion for relief from judgment and closed the case. The court concluded that the missed deadline was not excusable under the law because it was "not a case of secretarial or clerical mistake, *e.g.*, failing to calendar a date, computer error or the like." The court reasoned that counsel should not have entrusted the task to his assistant when that was her first time handling an AAA arbitration. The court concluded that, "[n]ot having initiated any of the lawyerly tasks required to comply, plaintiff's counsel should not now be excused from missing the clear Court ordered deadline."

Pursuant to Florida Rule of Civil Procedure 1.540(b), "the court may relieve a party or the party's legal representative from final judgment, decree, order, or proceeding" upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Fla. R. Civ. P. 1.540(b). "Excusable neglect" includes "inaction result[ing] from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir." *Somero v. Hendry Gen. Hosp.*, 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985). It is a gross abuse of discretion for a trial court to deny relief under 1.540(b) "upon timely application accompanied by a reasonable and credible explanation" for such inaction. *Id.*

Here, the court erred in denying plaintiff's Rule 1.540(b) motion for relief as plaintiff's motion was both timely and provided a reasonable and credible explanation for the missed deadline based on secretarial error. Although the

---

[1] This case was not dismissed for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e).

trial court faulted counsel for entrusting his legal assistant to complete the demand for arbitration form, the form does not require an attorney's signature and instead requires only basic case information such as the parties' and attorneys' names and addresses. Moreover, counsel asked his legal assistant before the deadline if she filed the demand for arbitration and she mistakenly represented she had. This is the type of "secretarial error" and "reasonable misunderstanding" encompassed by Rule 1.540(b)'s "excusable neglect" provision.

For these reasons, we reverse the trial court's order denying plaintiff's motion for relief from judgment and closing the case. The case is remanded with instructions for the trial court to reinstate the case.

GROSS, MAY and DAMOORGIAN, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***